UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SHAUN DEION SWINSON SR.,** | : | Case No. 1:08 CV 1028 |
| | : | |
| **Plaintiff,** *pro se*, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| **FEDEX NATIONAL LTL, Inc.** | : | <u>ORDER</u> |
| | : | |
| **Defendant.** | : | |

This matter arises on *Defendant FedEx National LTL, Inc.'s Motion to Dismiss* (Doc. 2) ("Motion to Dismiss"). Plaintiff Shaun Swinson has filed an opposition (Doc. 4) to which Defendant FedEx has replied (Doc. 5). Swinson has since filed a "Motion in Opposition" (Doc. 6) to FedEx's reply to his opposition to the Motion to Dismiss.[1] Upon review, the Court finds that it lacks personal jurisdiction over FedEx and, alternatively, that the Complaint fails to state a claim upon which relief can be granted. For the reasons explained below, FedEx's Fed. R. Civ. P. 12(b)(2) and 12(b)(6) motions are well-taken, and this matter is **<u>DISMISSED</u>**.

**I.    BACKGROUND**

This action is before the Court upon removal from the Court of Common Pleas of Cuyahoga County. Swinson filed the Complaint in this matter with the Court of Common Pleas on March 24, 2008, and FedEx removed the case to the Northern District of Ohio on April 22, 2008 under 28 U.S.C. §§ 1441 and 1332. Swinson is a citizen of Virginia, and FedEx is a Delaware corporation with its principal place of business in Florida.

This matter seemingly originates from Swinson's allegation that FedEx provided false shipping records and other damaging testimony under oath. Specifically, Swinson claims that FedEx

---

[1] Though Swinson did not seek leave to file this additional submission, given his *pro se* status and the Court's other conclusions in this Order, the Court overlooks this procedural irregularity.

furnished false testimony that it made twenty-one deliveries to his place of business.[2] Swinson avers that FedEx's alleged perjury has injured him socially and economically. Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), FedEx has filed a timely Motion to Dismiss the Complaint.

In the Complaint before the Court, Swinson alleges four separate causes of action against FedEx.[3] Swinson alleges that: (1) FedEx, through violations of the Uniform Commercial Code ("UCC"), perpetrated a tort of personal injury, causing him financial injury; (2) FedEx perpetrated a tort of defamation of character; (3) FedEx negligently caused him injury by violating the Fair Credit and Reporting Act ("FRCA"), 15 U.S.C. § 1681, *et seq*.; and (4) Fed Ex maliciously and willfully intended to injure him and violated the FRCA in doing so.

To support these claims, Swinson avers the following:

> 1. FedEx gave false shipping records and other damaging testimony under oath that injured him financially.

---

[2] In support of his negligence claim, Swinson directs the Court to an "Exhibit-A," which he described as "[P]laintiff's copies of FedEx shipping reports." The only "Exhibit-A" available on the docket is a copy of the Summons and the Complaint, which FedEx attached to its Notice of Removal. The Court has been unsuccessful in its attempt to locate what Swinson has referred to as "Exhibit-A." Because a thorough search for the exhibit was undertaken, the Court assumes that it was not attached to the Complaint.

The Court also takes judicial notice of the fact that Swinson brings the present action following his criminal conviction in the United States District Court for the Eastern District of Virginia. Following a bench trial, Swinson was found guilty of conspiracy to distribute a controlled substance and conspiracy to launder money by allowing his business address to be used for receipt of marijuana shipments via a common carrier. The Fourth Circuit subsequently affirmed Swinson's conviction and sentencing upon appeal, and he presently remains incarcerated. *See United States of America v. Swinson*, No. 07-4014, U.S. App. LEXIS 15969, at * 761, *cert. denied*, 128 S. Ct. 1289 (2008)). It is possible that FedEx was the common carrier referred to in Swinson's Virginia indictment and that the testimony regarding deliveries to Swinson's business was elicited in the course of that criminal proceeding. Because these facts are not alleged in Swinson's Complaint, however, the Court does not consider them in connection with the current motion.

[3] Swinson's fifth claim concerns the Court's authority to exercise jurisdiction over FedEx. Only the initial four claims alleged concern the subject-matter of Swinson's suit.

2

      2. FedEx disseminated false testimony of shipping records that did not contain any signatures and contained twenty-one (21) alleged deliveries to his place of business, causing him the loss of numerous material items valued at $750,000.

      3. He suffered damage to his reputation, socially, and creditworthiness, commercially, as a result of FedEx's false shipping records and testimony.

      4. He has been denied credit from *Citifinancial* for refinancing, resulting in the foreclosure of several residential and commercial properties that he owned.

(Doc. 1.)

## II.    ANALYSIS

### A.    Personal Jurisdiction

The Court first reviews FedEx's claim of lack of personal jurisdiction. When personal jurisdiction is contested in a Rule 12(b)(2) motion, the plaintiff bears the burden of demonstrating that jurisdiction exists. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-1169 (6th Cir. 1988) (quoting *Welch v. Gibbs*, 631 F.2d 436, 438-439 (6th Cir. 1980), *cert. denied*, 450 U.S. 981 (1981)). Swinson argues that the Court has jurisdiction over FedEx solely because it conducts business in the state of Ohio. Because this bare assertion does not satisfy the requirements of Ohio's long-arm statute, O.R.C. § 2307.382, however, FedEx's Rule 12(b)(2) motion is well-taken.

      Subject to constitutional limitations, the law of the forum state governs whether jurisdiction exists in a diversity action. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). A court has the authority to exercise personal jurisdiction over an out-of-state defendant only if the requirements of the state long-arm statute and constitutional due process are satisfied. *Id*. The Sixth Circuit advances a two-step analysis to determine whether personal jurisdiction exists over a defendant in a diversity action: (1) whether Ohio's long-arm statute provides for the exercise of

jurisdiction over the defendant; and (2) whether the exercise of jurisdiction accords with the Due Process Clause. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

Pursuant to this analysis, the Court first determines whether jurisdiction exists over Defendant FedEx under Ohio's long-arm statute. In general, the long-arm statute requires that injuries alleged against an out-of-state defendant directly arise from one of the acts enumerated in the statute. *See* O.R.C. § 2307.382.

In relevant part, Ohio's long-arm statute provides:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

4

>> (8) Having an interest in, using, or possessing real property in this state;
>
>> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting . . . .
>
> (C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

*Id*. Therefore, for jurisdiction to be proper over FedEx, Swinson must show that his allegations satisfy the demands of the Ohio long-arm statute.

Here, however, Swinson has failed to allege a claim of direct relation between his injuries and an act enumerated in the long-arm statute. A showing that FedEx does business in Ohio is not enough to subject it to the jurisdiction of the Court, because the long-arm statute does not extend to the limits of the Due Process Clause. The Due Process Clause permits jurisdiction either generally or specifically. The Ohio long-arm statute, however, does not. Ohio law extends jurisdiction over defendants only to the extent that specific jurisdiction may be available under Ohio's long-arm statute. *See Goldstein v. Christiansen*, 638 N.E. 2d 541, 545 n.1 (Ohio 1994) (holding that the long-arm statute does not grant Ohio courts jurisdiction to the limits of the Due Process Clause); *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx. 425, 430, 432 n.2 (6th Cir. August 23, 2006) (unpublished) (noting that "[t]he Ohio Supreme Court has determined that the long-arm statute is not fully coextensive with the jurisdictional demands of the Due Process Clause" and that Ohio contacts must proximately cause the injury alleged); *Glasstech Inc. v. TGL Tempering Sys. Inc.*, 50 F. Supp. 2d 722, 725 (N.D. Ohio 1999) (writing that "[t]he Ohio long-arm statute does not extend personal jurisdiction to the limits of due process"); *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 U.S. Dist. LEXIS 42941, at *8 (S.D. Ohio June 13, 2007) (citing *Goldstein* and commenting that "[t]he Supreme Court of Ohio has not recognized general jurisdiction and has only

5

applied Ohio's long-arm statute to determine personal jurisdiction"); *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, 451 F.3d 457, 463 (S.D. Ohio 2007) ( ruling that "specific jurisdiction under the statute requires that the injury arise out of the contacts with Ohio").[4]

While the Court recognizes that *pro se* pleadings are to be liberally construed, these liberal pleading standards are not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Swinson has failed to demonstrate, even under the more liberal *pro se* standards, that the injuries he sustained have arisen from or are related to FedEx's contacts in Ohio as required by the long-arm statute. Swinson's complaint is devoid of any claim of connection between his injury and those acts enumerated in O.R.C. § 2307.382(A). *See* O.R.C. § 2307.382(C). Nowhere in the Complaint does Swinson aver that FedEx's operations within or outside of Ohio have caused him injury in or of relation to Ohio. Nor has Swinson alleged any contract between the parties that was concluded or performed in Ohio, any injury sustained in Ohio, any property affected in Ohio, or any other exchange between the parties that transpired in Ohio. Indeed, the only connection to Ohio referenced in any pleading or filing before the Court is a reference to the fact that the action was initiated here.

The Court is not vested with jurisdiction over FedEx merely because it does business in Ohio. *See, e.g., Unger v. Cheesecake Factory Rests., Inc.*, 2005 Ohio App. LEXIS 3674, at *3-8, 2005 Ohio 4023 (Ohio Ct. App., Montgomery County Aug. 5, 2005), *overruled on other grounds by Davenport v. Montgomery County*, 2005 Ohio App. LEXIS 5803, Ohio 6453 (Ohio Ct. App.,

---

[4] It appears that the Federal Circuit Court of Appeals interprets Ohio law differently. *See e.g.*, *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000); *Delta Sys. Inc.*, *v. Indak Mfg. Corp.*, 4 Fed. Appx. 857, 859-860 (Fed. Cir. Feb. 2, 2001). It is Sixth Circuit law that governs this action, however, not the seemingly contradictory law of the Federal Circuit.

Montgomery County Dec. 6, 2005). In *Unger*, the Second Appellate District of the Court of Appeals of Ohio dismissed plaintiffs' argument that general jurisdiction existed over defendant Cheesecake Factory, because it had three restaurants in Ohio, employed Ohio citizens, paid taxes to Ohio, was licensed to do business in Ohio, and had an appointed statutory agent in Ohio. *Id.* at 3. The court, instead, held that jurisdiction is dependent upon the long arm-statute and found that personal jurisdiction did not exist over defendant, because plaintiffs were unable to show that their injury arose from an act enumerated in § 2307.382(A). *Id*. at 8.

In considering the above, the Court finds that Swinson has failed to satisfy his burden of demonstrating that personal jurisdiction exists over FedEx. Because Swinson's allegations do not satisfy the Ohio long-arm statute, the Court need not resolve whether the Due Process Clause is a limitation to the exercise of personal jurisdiction. *See Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006).

Further, to whatever length Swinson argues that FedEx has waived its objection to personal jurisdiction by removing the case to federal court, the Court disagrees. A party does not waive Rule 12(b) defenses or objections simply by removing an action from a state to a federal court. *Speckine v. Stanwick Intern, Inc.*, 503 F. Supp. 1055, 1059 (W.D. Mich. 1980); 5. C. Wright & A. Miller, *Federal Practice and Procedure* § 1395 (2008). Accordingly, the Court finds FedEx's Rule 12(b)(2) motion well-taken and dismisses Swinon's Complaint for lack of personal jurisdiction.

### B. Failure to State a Claim

Alternatively, the Court next reviews FedEx's assertion that the Complaint fails to state a claim upon which relief can be granted. The Court may dismiss a claim for failure to state a

claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (citing *Sims v. Mercy Hospital of Monore*, 451 F.2d 171, 173 (6th Cir. 1971)). In reviewing a Rule 12(b)(6) motion, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove *no set of facts* in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001) (emphasis added).

A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A claim should be dismissed if it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id*. at 1969 (omitting citations and quotations, emphasis in original). In *Twombly,* the Supreme Court modified the "no set-of-facts language" of the Rule 12(b)(6) standard and, in doing so, has left unresolved the intended scope of the decision. *Weisbarth v. Geauga Park District*, 499 F.3d 538, 541 (6th Cir. 2007). Specifically, *"Twombly* held that the 'famous' no-set-of-facts formulation 'has earned its retirement,' and . . . dismissed the plaintiff's anti-trust conspiracy complaint because it did not contain facts sufficient to 'state a claim to relief that is *plausible* on its face.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1974) (emphasis added). Whether *Twombly's* plausibility standard prescribes a heightened pleading requirement for all federal claims or just those involving antitrust disputes remains unclear.

In any event, the Court need not grapple with the nuances of *Twombly's* effect on the

8

pleading standard in dismissing Swinson's claims. Because resolution of Swinson's claims is not reliant upon the intended scope of *Twombly* on subsequent actions, the Court will not further seek to clarify the impact of that decision on the present matter. *See id.* at 542.

### 1. Swinson's UCC Claim

In his first claim, Swinson cites Article Three of the Uniform Commercial Code, apparently to advance the notion that he is not liable for the deliveries made to his place of business, because they lacked his signature. The UCC is only persuasive authority and not binding on the Court, unless and until it is adopted by the state legislature. Because the Ohio legislature has adopted UCC Article Three, it appropriately governs the resolution of this claim. Article Three of the UCC is codified at O.R.C. chapter 1303 and is solely applicable to negotiable instruments. O.R.C. § 1303.02(A).

The UCC defines "negotiable instrument" as:

Except as provided in divisions (C) and (D) of this section, "negotiable instrument" means an unconditional *order or promise to pay a fixed amount of money*, with or without interest or other charges described in promise or order, if it meets all of the following requirements:

(1) It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2) It is payable on demand or at a definite time.

(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:

    (a) An undertaking or power to give, maintain, or protect collateral to secure payment;

>> (b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral;
>
> (c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

O.R.C. § 1303.03(A) (emphasis added).

Referencing the definition provided above, the Court finds that Swinson made no mention of any negotiable instrument in his Complaint. The only documents Swinson cites are shipping records, and he does not indicate that these detailed any monies owed to FedEx. That Swinson's initial allegation is entirely premised on O.R.C. § 1303, which is inapplicable to the current action, renders it inherently flawed. The Court, therefore, concludes that, even if it could assert jurisdiction over this matter, Swinson's first claim would be subject to dismissal because it fails to pass Rule 12(b)(6) muster.

### 2. Swinson's Defamation Claim

Swinson next claims that FedEx injured his reputation by producing false documents concerning deliveries that did not occur. While the Complaint does not clearly detail the events surrounding the defamation claim, it appears to stem from testimony FedEx gave, under oath, at some trial.[5] The Supreme Court of Ohio instructs that statements given under oath are absolutely privileged if they are related to the subject matter of the judicial proceeding. *Surace v. Wuliger*, 25 Ohio St. 3d 229, 232 (1986) (finding that the doctrine of absolute privilege will apply when

---

[5] The Court reaches this determination after a reading of the Complaint, in which Swinson elsewhere alleges that FedEx "disseminated false testimony of shipping records." The Court notes, moreover, that Swinson has not disputed FedEx's assertion that the statements at issue occurred in the context of a judicial proceeding.

defamatory statements made in a court proceeding are of reference and relation to the subject matter of the cause of action). Swinson provides no facts in the Complaint to support his defamation claim or to demonstrate that the testimony FedEx gave was not in reference or in relation to the subject matter of a judicial action. Therefore, Swinson's defamation claim, if properly before this Court, would also be subject to dismissal.

### 3. Swinson's FCRA Claims

Swinson's last two claims seem to be premised on Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.[6] The purpose of the FRCA is to govern the conduct of consumer reporting agencies. 15 U.S.C. § 1681(b). The Act defines "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing credit reports to third parties." 15 U.S.C. § 1681a(f). Swinson has made no allegations supporting the contention that FedEx is a consumer reporting agency, however, rendering the Act irrelevant to Defendant FedEx. Swinson makes no claim that FedEx gathers consumer credit or other consumer information to provide credit reports to third parties. As such, FedEx could not be liable under the Fair Credit Reporting Act vis-a-vis Swinson, and claims three and four, if properly before this Court, would similarly be dismissed.

### C. Request for Discovery Prior to Dismissal

---

[6] While Swinson does not exclusively name the FCRA as the basis for claims three and four, all cases referred to therein cite 15 U.S.C. § 1681(b), which addresses alleged violations of the FRCA. The Court assumes that the Plaintiff's quotation of 15 U.S.C. § 1681(b) in claim three also applies to Swinson's fourth claim, because claims three and four appear to be plead in the alternative. Further supporting the Court's finding is the fact that Swinson did not refute or respond to FedEx's characterization of his claims in his Opposition to Defendant's Motion to Dismiss.

11

Swinson argues that dismissal of his Complaint would be improper absent discovery. Filing a complaint, however, does not afford Swinson any general right to discovery. *See Moss v. Columbus Board of Education*, 98 Fed. Appx. 393, 395-396 (6th Cir. April 8, 2004). In fact, the Supreme Court has held that Rule 12(b)(6) is intended to "streamline litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Moreover, the Sixth Circuit also notes that "[t]he very purpose of 'Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). In the circumstances of this case, the Court finds Swinson's objection to dismissal prior to discovery without merit.

### III.    CONCLUSION

For the foregoing reasons, FedEx's Motion to Dismiss is well-taken. The Court finds that it lacks the authority to exercise jurisdiction over FedEx and, alternatively, that Swinson's Complaint fails to state a claim upon which relief can be granted. Accordingly, this matter is **DISMISSED** without prejudice pursuant to Federal Rule 12(b)(2) and, alternatively, under Federal Rule 12(b)(6).[7]

---

[7] The Court recognizes that dismissals for lack of personal jurisdiction are made without prejudice, *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005), and that dismissals for failure to state a claim are made with prejudice, *see Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004). Because the Court finds that it lacks jurisdiction over this matter, it has no authority to rule definitively on the matter; its Rule 12(b)(6) findings are in the alternative to its findings under Rule 12(b)(2) and are only effective to the extent its jurisdictional conclusions are deemed to be in error. As a result, the Court must dismiss the action without prejudice at this time.

**IT IS SO ORDERED.**

                                              **s/ Kathleen M. O'Malley**
                                              **KATHLEEN McDONALD O'MALLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: August 12, 2008**