**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAUN DEION SWINSON, SR.,** | : | Case No. 1:08CV1028 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **FEDEX NATIONAL LTL, INC.,** | : | <u>ORDER</u> |
| | : | |
| | : | |
| **Defendant.** | : | |

On August 19, 2008, the Court issued an Order (Doc. 9) vacating a previous Order (Doc. 7) and Judgment Entry (Doc. 8) entered by the Court on August 12, 2008 that dismissed this case without prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In the August 12, 2008 dismissal Order (Doc. 7) ("Dismissal Order"), the Court also found, alternatively, that dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure would be appropriate had the Court not decided the jurisdictional issue first. In deciding to vacate the Dismissal Order, the Court determined that its analysis of the jurisdictional issue in the Dismissal Order may have been incomplete and therefore re-opened the case so that it could conduct further analysis. As explained further below, the Court now: (1) withdraws a portion of its Dismissal Order regarding personal jurisdiction; (2) dismisses this case with prejudice solely for failure to state a claim pursuant to Rule 12(b)(6); and (3) reinstates all pertinent, non-withdrawn aspects of the Court's Dismissal Order as grounds for its decision.

Having conducted additional analysis subsequent to the Court's vacating of the Dismissal Order, the Court now acknowledges that there is a continuing debate as to whether Ohio law recognizes general jurisdiction or alternatively whether personal jurisdiction over an out-of-state defendant can be established *only* if Ohio's long-arm statute is satisfied. *Compare Keybanc*

*Capital Mkts. v. Alpine Biomed Corp.*, Case No. 1:07-CV-1227, 2008 WL 828080, at *3-*6 (N.D. Ohio March 26, 2008) (discussing numerous opinions from the Supreme Court of Ohio, the Sixth Circuit, the Federal Circuit, and the Northern and Southern Districts of Ohio and concluding that Ohio law does recognize general jurisdiction) *with Signom v. Schenck Fuels, Inc.*, Case No. C-3-07-037, 2007 U.S. Dist. LEXIS 42941, at *3-*9, 2007 WL 1726492, at *1-*3 (S.D. Ohio June 13, 2007) (discussing opinions from the Supreme Court of Ohio, the Sixth Circuit, the Federal Circuit, and the Northern and Southern Districts of Ohio and concluding that Ohio law does *not* recognize general jurisdiction); *U.S. Diamond & Gold v. Julius Klein Diamonds L.L.C.*, Case No. C-3-06-371, 2007 U.S. Dist. LEXIS 23076, at *4-*10, 2007 WL 1026421, at *2-*4 (S.D. Ohio March 29, 2007) (same).  The Court notes, moreover, that, to the extent the Sixth Circuit has expressed an opinion on the issue, it appears to believe that Ohio does recognize general jurisdiction as an alternative grounds upon which to assert jurisdiction over an out-of-state defendant.  *See Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (stating that Ohio recognizes two routes for the assertion of jurisdiction - specific and general - but doing so in what is arguably dicta); *see also Estate of Thomson v. Toyota Motor Corp. Worldwide*, Case No. 07-3813, 2008 U.S. App. LEXIS 16386, at *5-*12, 2008 WL 2952784, at *2-*4 (6th Cir. July 30, 2008) (holding that Ohio recognizes two routes for the assertion of jurisdiction - specific and general - but doing so in an unpublished opinion).

  While the Court believes that the Sixth Circuit, upon revisiting the issue in a case where the arguments are fully developed, would likely conclude that Ohio law does not recognize general jurisdiction, this Court is bound by the *current* expressions of the law from the Sixth Circuit.  Accordingly, the Court withdraws the portion of its Dismissal Order that definitively states that Ohio law extends personal jurisdiction over out-of-state defendants only to the extent

2

that specific jurisdiction may be available under Ohio's long-arm statute. (*See* Doc. 7 at pp. 5-6.)[1]

Further, because the issue regarding general jurisdiction has not been adequately presented by either party,[2] the Defendant has not insisted that its personal jurisdiction objection be determined first, and the ultimate decision on the merits favors Defendant in any event, the Court declines to address Defendant's personal jurisdiction objection and instead dismisses this case solely for failure to state a claim pursuant to Rule 12(b)(6) as stated in the Court's Dismissal Order. *See Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 40-41 (1st Cir. 1991) ("Where, as here, the affected defendant does not insist that the jurisdictional issue be determined first, and no special circumstances exist, we cannot fault the district court for eschewing difficult jurisdictional . . . issues in favor of ordering dismissal on the merits."); *see also Jacobs, by & through Carroll v. Invisible Fence Co.*, Case No. 98-4549, 1999 U.S. App. LEXIS 32201, 1999 WL 1204876 (6th Cir. Dec. 3, 1999) (affirming dismissal of complaint under Rule 12(b)(6) where the district court did not decide a defendant's motion for lack of personal jurisdiction); *cf. Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997) (noting that "it is permissible in some circumstances to bypass the issue of personal jurisdiction if a decision on the merits would favor the party challenging jurisdiction

---

[1] To clarify, the Court does *not* withdraw the portion of the Dismissal Order where the Court determined that Plaintiff's allegations did not satisfy the Ohio long-arm statute.

[2] The Court also notes that the issue may not have even been raised by Defendant's motion, because Plaintiff merely asserted in his opposition briefs that Defendant "does business in the State of Ohio, and is therefore subject to Ohio's Long Arm Statute of the law [sic]." (Doc. 4 at p. 1.) Given that Plaintiff is a *pro se* litigant, however, the Court liberally construes his argument to include the contention that Defendant is subject to general jurisdiction under Ohio law.

3

and the jurisdictional issue is difficult," but determining that it was going to decide the jurisdictional issue because the issue had "perplexed and divided district courts in [the] circuit and the lack of direction from [the] court [had] produced substantial inconsistency for litigants").

The Court therefore now dismisses Plaintiff's Complaint with prejudice, *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522-23 (6th Cir. 2004), and reinstates all pertinent, non-withdrawn aspects of the Court's Dismissal Order as grounds for its decision.

**IT IS SO ORDERED.**

*s/Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**Dated: August 28, 2008**